IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CONTINENTAL CASUALTY COMPANY, § § § | |
| Plaintiff, § | |
| § | Civil Action No. 3:04-CV-1866-D |
| VS. § § | |
| ST. PAUL FIRE & MARINE INSURANCE COMPANY, § § § | |
| Defendant. § | |

MEMORANDUM OPINION
AND ORDER

The question presented by defendant's motion for summary judgment is whether it has established beyond peradventure that it is entitled to dismissal of this lawsuit based on the affirmative defense of release. Concluding that there is a genuine issue of material fact, the court denies the motion.[1]

I

This is a removed action by plaintiff Continental Casualty Company ("Continental") and intervenor First Specialty Insurance Corporation ("First Specialty"), two excess insurance carriers, against defendant St. Paul Fire & Marine Insurance Company ("St.

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[ ] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

Paul"), a primary insurance carrier.[2]  Continental and First Specialty allege that St. Paul negligently failed to settle within its policy limits an underlying state-court lawsuit brought against USA Truck, Inc. ("USA Truck")[3] and its driver.[4]  USA Truck carried an insurance policy with St. Paul that provided $5 million in primary limits, with a $2 million self-insured retention. Continental and First Speciality provided excess insurance.

St. Paul has raised the affirmative defense of release.  It maintains that USA Truck, individually and on behalf of its employees, has fully settled and released all controversies arising out of and related to the underlying suit, and that the settlement and release between USA Truck and St. Paul bars the present lawsuit by Continental and First Speciality.  St. Paul reasons that Texas law does not recognize a direct negligence cause of action under any theories that Continental and First Speciality have pleaded, and that the release executed by USA Truck precludes them from recovering against St. Paul on claims for equitable subrogation.

Continental and First Speciality oppose St. Paul's motion.  In related arguments, they essentially contend that USA Truck never entered into a valid and binding release, and that, even if it did,

---

[2]First Specialty intervened following removal of the case.

[3]Continental originally sued USA Truck, but it dismissed it without prejudice by notice of dismissal.

[4]Continental also seeks related declaratory relief.

the release does not preclude them from exercising their rights of equitable subrogation on behalf of USA Truck and its driver.

After St. Paul removed this case, the court granted the parties' joint motion for bifurcation, partial abatement, and modification of scheduling order, permitting St. Paul to file a summary judgment motion on its affirmative defense of release and narrowing the discovery to that defense until the issue is resolved. The parties have briefed the motion,[5] and it is ripe for disposition.[6]

                                II

Under Texas law, release is an affirmative defense on which St. Paul will have the burden of proof at trial. *See, e.g., MG Bldg. Materials, Ltd. v. Moses Lopez Custom Homes, Inc.*, 179 S.W.3d 51, 64 (Tex. App. 2005, pet. denied) ("A release is designated as an affirmative defense . . . ."). When the party who will have the burden of proof at trial concerning an affirmative defense seeks summary judgment on the basis of that defense, it "must establish 'beyond peradventure all of the essential elements of the . . .

---

[5]Briefing concluded on February 15, 2006 with the filing of First Speciality's surreply brief.

[6]In addition to St. Paul's summary judgment motion, Continental has filed November 15, 2005 objections to St. Paul's summary judgment evidence and St. Paul has filed December 21, 2005 objections to First Speciality's summary judgment evidence. Because in deciding this motion the court has not relied on evidence that is the subject of an objection, the objections are overruled as moot.

defense.'" *Bank One, Tex., N.A. v. Prudential Ins. Co. of Am.*, 878 F. Supp. 943, 962 (N.D. Tex. 1995) (Fitzwater, J.) (quoting *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986)).

To prevail on its motion, St. Paul must at a minimum establish that it and USA Truck entered into the written release on which St. Paul relies. According to the summary judgment record, USA Truck's counsel, W. Todd Barnett, Esquire ("Barnett"), faxed the signature page of the release to St. Paul's counsel, Christopher W. Martin, Esquire ("Martin"), on August 25, 2004 at 6:17 p.m. D. App. 307, 423. He included these instructions: "Please send me St. Paul's execution page in the morning," and "[p]lease hold USA Truck's execution page in trust until St. Paul has delivered its fully executed signature page to my offices." *Id.* at 423. Additionally, the release provides that "[t]his Settlement Agreement shall become effective following execution by USA TRUCK and ST. PAUL." *Id.* at 424. The parties have stipulated that at 2:13 p.m. on August 26, 2004, USA Truck's counsel wrote St. Paul's counsel stating that USA Truck had revoked its offer to settle with and release St. Paul. *Id.* at 307, 427. Continental and First Speciality maintain that USA Truck revoked the settlement offer before it was accepted, so there is no binding release.

St. Paul contends that the release is binding because St. Paul executed the release and on August 26, 2004 at 12:08 p.m. delivered it to its counsel in Houston, before USA Truck attempted to revoke

it at 2:13 p.m. the same day.  It maintains that although delivery is generally an element of a contract's formation, courts have recognized instances where delivery is not necessary.  St. Paul posits that the written offer constitutes the terms by which notification must be judged, and since the release provides that it becomes effective following execution by USA Truck and St. Paul, and did not require notice of acceptance, communication, or delivery, the release became effective immediately on execution by USA Truck and St. Paul, which occurred no later than August 26, 2004 at 12:08 p.m., before USA Truck attempted to revoke the agreement approximately two hours later.  It reasons that Continental and First Speciality cannot rely on the instructions in Barnett's facsimile to Martin.  St. Paul also maintains that it delivered the agreement when it parted with possession of its executed signature on August 26, 2004 at 12:08 p.m.

St. Paul has not met the heavy "beyond peradventure" standard to obtain summary judgment on an affirmative defense as to which it will have the burden of proof at trial.  It cites *International Filter Co. v. Conroe Gin, Ice & Light Co.*, 277 S.W. 631 (Tex. 1925), for the proposition that

> there can be no doubt that where a person in an offer made by him to another person, expressly or impliedly intimates a particular mode of acceptance as sufficient to make the bargain binding, it is only necessary for the other person to whom such offer is made to follow the indicated method of acceptance.

*Id.* at 632 (quoting *Carlill v. Carbolic Smoke Ball Co.*, 1 Q. B. 256); *see* D. Br. 11.  In this case, there is at a minimum a genuine issue of material fact whether USA Truck's written instructions for acceptance were contained not only in the release itself but also in the facsimile that Barnett sent to Martin.  If the written instructions were also contained in the facsimile, then St. Paul arguably did not accept USA Truck's offer before it was revoked, because USA Truck's notification of revocation occurred on August 26, 2004 at 2:13 p.m., before St. Paul delivered its fully executed release (including signature page) to Barnett's offices on August 26, 2004 at 2:34 p.m.[7]  St. Paul argues that Barnett's facsimile, "although a professional courtesy . . . was not part of the contractual terms offered by USA Truck nor accepted by St. Paul." D. Reply Br. 7.  It has not established as a matter of law, however, that the instructions in the facsimile could not have been part of the offer, and there is a genuine issue of material fact whether they were.

Accordingly, because St. Paul has not established beyond

---

[7]The court assumes for purposes of this decision that delivery could have taken place via facsimile and did not require physical delivery of the original document.

peradventure that USA Truck and St. Paul entered into a binding release, its motion for summary judgment is denied.[8]

\* \* \*

St. Paul's October 11, 2005 motion for summary judgment is denied.

**SO ORDERED**.

April 14, 2006.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE

---

[8]Because the court is denying summary judgment on this basis, it need not reach any of the other arguments the parties have raised in the briefing.

- 7 -