IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

CONTINENTAL CASUALTY          §
COMPANY,                      §
                              §
             Plaintiff,       §
                              § Civil Action No. 3:04-CV-1866-D
VS.                           §
                              §
ST. PAUL FIRE & MARINE        §
INSURANCE COMPANY,            §
                              §
             Defendant.       §

MEMORANDUM OPINION
AND ORDER

The court must decide whether to exclude the testimony of an
expert whom defendant failed to designate by the deadline for
making disclosures under Fed. R. Civ. P. 26(a)(2)(B), which the
court by order applied to a party with the burden of proof on a
claim or defense.  For the reasons that follow, the court holds
that defendant should have designated the expert based on his
opinions concerning the affirmative defense of comparative fault,
but that the prejudice to plaintiff and intervenor can be cured by
allowing them to designate rebuttal experts on this affirmative
defense and continuing the trial of the case to the next available
civil trial docket.

I

This is a removed action by plaintiff Continental Casualty
Company ("Continental") and intervenor First Specialty Insurance
Corporation ("First Specialty"), two excess insurance carriers,
against defendant St. Paul Fire & Marine Insurance Company ("St.

Paul"), a primary insurance carrier.    Continental and First Specialty allege that St. Paul negligently failed to settle within its policy limits an underlying state-court lawsuit brought against USA Truck, Inc. ("USA Truck") and its driver.

Continental and First Specialty move to strike St. Paul's designation of Thomas F. Segalla, Esquire ("Segalla") as an expert insofar as his testimony relates to the affirmative defenses of release, settlement, and comparative fault.  They maintain that St. Paul designated Segalla on May 30, 2006, the amended deadline for designating rebuttal expert witnesses, rather than on May 2, 2005, the deadline for designating experts testifying as to a claim or defense as to which St. Paul has the burden of proof.  Continental and First Specialty complain that St. Paul's designation—over one year late—prejudices them and that Segalla's expert opinions that relate to the affirmative defenses of release, settlement, and comparative fault should be excluded from the trial evidence. Alternatively, they request a 60-day extension of time to designate rebuttal experts and related relief, including precluding St. Paul from conducing discovery on issues related to the newly designated experts, because discovery would jeopardize compliance with remaining deadlines and the October 30, 2006 trial setting.

St. Paul responds that Segalla's expert opinions that relate to release, settlement, and comparative fault are proper rebuttal opinions that were timely designated and that Continental and First

Specialty have failed to demonstrate harmful prejudice.

## II

The court considers first whether Segalla's expert opinions that relate to release, settlement, and comparative fault are proper rebuttal.

### A

St. Paul contends the opinions in question rebut the opinions and report of Gary G. Beck ("Beck"), the expert whom Continental and First Specialty have designated. It reasons that the fact that Beck's report addressed issues related to St. Paul's affirmative defenses made it legitimate and necessary for Segalla to address the same issues in his report.

This court has held that

> [t]o determine whether a disclosure is properly included under Rule 26(a)(2)(C) rather than under Rule 26(a)(2)(B), it will often be helpful to answer these three questions: First, what evidence does the rebuttal expert purport to contradict or rebut? Second, is the evidence disclosed as rebuttal evidence on the same subject matter as that identified by another party in its Rule 26(a)(2)(B) disclosure? Third, is the evidence disclosed as rebuttal evidence intended solely to contradict or rebut that evidence?

*Poly-Am., Inc. v. Serrot Int'l, Inc.*, 2002 WL 1996561, at *15 (N.D. Tex. Aug. 26, 2002) (Fitzwater, J.). Additionally, the court has explained that

- 3 -

> [g]enerally speaking, affirmative or avoidance
> defenses are unrelated to the plaintiff's
> prima facie case. Avoidance or affirmative
> defenses include allegations that admit the
> allegations of the complaint but suggest some
> other reason why there is no right of
> recovery, and that concern allegations outside
> of the plaintiff's prima facie case that the
> defendant therefore cannot raise by a simple
> denial in the answer.

*U.S. Bank Nat'l Ass'n v. Safeguard Ins. Co.*, 422 F.Supp.2d 698, 705
n.13 (N.D. Tex. 2006) (Fitzwater, J.) (citations, internal
quotation marks, and ellipses omitted).

B

The opinions that Segalla offers concerning comparative fault
are not rebuttal opinions. Beck opined that it was negligent for
St. Paul not to settle the claim against USA Truck. Segalla
disagrees that St. Paul was negligent and opines that it was not.
*See* D. App. 8-9, 10. Although this opinion is a rebuttal opinion,
Segalla also opines that Continental was negligent in failing to
settle. *See id.* at 11. He does so in the part of his expert
report that expressly addresses "Continental's Comparative Fault."
*Id.* And he specifically refers to St. Paul's affirmative defense
of comparative fault. *Id.* Segalla's opinions concerning
*Continental's* comparative fault, *see id.* at 11-12, do not
contradict or rebut Beck's opinion concerning *St. Paul's* fault,
which relates to Continental and First Specialty's claim that St.
Paul negligently failed to settle. The evidence is not disclosed
as rebuttal evidence on the same subject matter as that identified

- 4 -

by Continental and First Specialty in their Rule 26(a)(2)(B) disclosures, nor is it disclosed as rebuttal evidence intended solely to contradict or rebut that evidence.  Instead, Segalla is clearly opining in support of St. Paul's affirmative defense of comparative fault.[1]

C

Segalla's opinions concerning release and settlement, however, are rebuttal.  He is purporting to contradict or rebut Beck's opinion that the release between St. Paul and USA Truck was overreaching.  The evidence is disclosed as rebuttal evidence on the same subject matter as that identified by Continental and First Specialty in their Rule 26(a)(2)(B) disclosures.  *See* D. App. 11. Any part of his opinion that is not explicitly disclosed as rebuttal evidence intended solely to contradict or rebut that evidence is sufficiently related to what it is disclosed as to be properly characterized as rebuttal evidence.  *See id*. at 10.

---

[1]The court disagrees with St. Paul's reasoning that, once Continental and First Specialty designated expert testimony concerning St. Paul's negligence, the entire subject matter of negligence—including the affirmative defense of comparative fault—fell within the scope of expert rebuttal evidence.  This rationale overlooks the fact that court imposed the initial obligation to designate an expert on the party with the burden of proof on a claim or defense, and comparative fault is an affirmative defense.

- 5 -

III

The court considers next whether Segalla's opinions concerning the comparative fault affirmative defense should be excluded from the trial.

A

In deciding whether to exclude the testimony of an expert witness whom a party did not properly designate, the court's discretion is guided by considering the following factors: "(1) the explanation for the failure to identify the witness, (2) the importance of the testimony, (3) the potential prejudice in allowing the testimony, and (4) the availability of a continuance to cure such prejudice." *Wright v. Blythe-Nelson*, 2001 WL 804529, at *2 (N.D. Tex. July 10, 2001) (Fitzwater, J.) (citing *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990)).

St. Paul recognizes that these are the relevant factors, although it recites them in a slightly different order, *see* D. Br. 6-7, and it does not address all of them in detail.  It mentions that Segalla's testimony is important because it needs a rebuttal expert to refute the expert testimony offered by Continental and First Specialty.  St. Paul maintains that any prejudice to Continental and First Specialty will be negligible because the designation was timely under the scheduling order, was made five months before the trial date, and was done before any depositions were conducted in the case.  At the conclusion of its brief, St.

Paul focuses solely on the question of harmful prejudice and maintains that Continental and First Specialty have failed to make this showing.

B

1

St. Paul has not offered an explicit explanation for failing to designate Segalla as a Rule 26(a)(2)(B) expert. Implicitly, it asserts that it was not required to identify him until the deadline for rebuttal experts. Because the court holds that St. Paul was obligated to designate him under Rule 26(a)(2)(B) and the court's scheduling order as an expert on the affirmative defense of comparative fault, this factor favors exclusion. St. Paul's error in interpreting the requirements of a Federal Rule of Civil Procedure and the court's scheduling order does not provide a satisfactory explanation under the circumstances of this case.

2

The court next addresses the importance of the testimony. St. Paul suggests that Segalla's testimony is important because it needs its own expert to rebut the expert testimony offered by Continental and First Specialty, and it expresses concern about the prejudicial impact on the jury caused by its lack of an expert.

It appears to the court that, without this testimony, St. Paul will lack an expert who can assist the trier of fact in understanding why its affirmative defense of comparative fault has

- 7 -

merit.   Continental and First Specialty do not contest that the opinion testimony is important to St. Paul, and the court concludes that it is.

3

The court next considers the potential prejudice in allowing the testimony.  As a threshold matter, it disagrees with St. Paul's contention that the supposed failure of Continental and First Specialty "to demonstrate prejudice is fatal to their motion." D. Br. 9.  Prejudice is but one of four factors that the court considers in deciding whether to exclude the evidence.  And the burden is on St. Paul—the erring party—to show that Continental and First Specialty will not be unduly prejudiced.  *See Wright*, 2001 WL 804529, at *5 (addressing, *inter alia*, whether party who failed to designate expert could establish absence of prejudice).

St. Paul has failed to establish that Continental and First Specialty will not be unduly prejudiced if St. Paul is allowed to rely on opinion evidence of comparative fault that they are not able to refute through the designation of a rebuttal expert witness.  St. Paul maintains that Continental and First Specialty have failed to show such prejudice and that Segalla's report is merely responsive to Beck's report and opinions.  It also contends that Segalla can be examined at his deposition scheduled for August

8, 2006.[2]  The court finds that St. Paul has failed to demonstrate that Continental and First Specialty will not be prejudiced.  This is so at least for the reason that they should be allowed to designate a rebuttal expert witness and to present testimony refuting St. Paul's affirmative defense of comparative fault, a defense that, if established, will materially impact their right to recover.  Merely deposing Segalla concerning his opinions will not enable them to present at trial expert opinion testimony that affirmatively refutes his.

4

Finally, the court addresses whether a continuance can cure the prejudice to Continental and First Specialty.

In their alternative motion, Continental and First Specialty implicitly acknowledge that a continuance can cure the prejudice, provided certain conditions are imposed.  They request as alternative relief that the court grant them 60 days to designate a rebuttal expert and that St. Paul be precluded from conducting discovery so that the October 30, 2006 trial setting will not be jeopardized.  St. Paul does not address the continuance factor except perhaps inferentially, by contending that Segalla's

---

[2]St. Paul also relies on a mistaken definition of rebuttal evidence.  *See* D. Br. 10 & n.27.  The definition that St. Paul addresses concerns what is considered to be rebuttal evidence at trial—i.e., offered by a plaintiff to refute new evidence introduced during the defendant's case-in-chief—not a rebuttal expert within the meaning of Rule 26(a)(2)(C).

deposition can be taken in August and arguing that a 60-day continuance is unnecessary because Continental and First Specialty do not need rebuttal evidence concerning Segalla's opinions.

The court holds that the prejudice to Continental and First Specialty can be cured by giving them 60 days to designate one or more rebuttal experts on the affirmative defense of comparative fault, allowing St. Paul to depose any such experts within 45 days of the date of designation, and continuing the trial of this case to the docket of February 5, 2007.[3] In their alternative motion, Continental and First Specialty request a 60-day extension of the designation deadline, calculated according to the date of the court's order on their motion. Briefing on the motion concluded with the filing of their reply brief on August 9, 2006. They therefore knew that a decision issued within a reasonable time after the close of briefing would result in a designation deadline close to the date of trial. In fact, the court's decision allows Continental and First Specialty to designate experts on October 16, 2006 (the Monday following the sixtieth day), the day pretrial materials are due based on the October 30, 2006 trial setting, and a date after the parties must make their Rule 26(a)(3) disclosures. The case must therefore be continued in any event to avoid the difficulties that would be posed by the designation of an expert

---

[3]This is the next available civil docket under the circumstances of this case.

witness under such circumstances.    Because the case must be continued, it will not unduly prejudice Continental and First Specialty to permit St. Paul a reasonable period to depose any expert who is designated.

*        *        *

Accordingly, the June 23, 2006 motion of Continental and First Specialty to strike St. Paul's expert witness designation is denied.  Their alternative motion for leave for extension of time is granted as follows.  Continental and First Specialty shall have until October 16, 2006 to designate rebuttal experts as to St. Paul's affirmative defense of comparative fault.  St. Paul shall have 45 days after the designation to depose any such experts.  The trial of this case is continued to the two-week docket of February 5, 2007.

**SO ORDERED.**

August 15, 2006.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE

- 11 -